IN THE IOWA DISTRICT COURT FOR COUNTY

| | |
|---|---|
| BRANDON KING<br><br>    Plaintiff,<br><br>vs.<br><br>UNITED PARCEL SERVICE, INC., SHANE SIPIORSKI, LANCE KING, MICHAEL TREWET, AND AUSTIN COURTNEY,<br><br>    Defendants. | CIVIL NO. _____<br><br><br><br>**PLAINTIFF'S AMENDED PETITION AT LAW AND JURY DEMAND** |

COMES NOW the Plaintiff, Brandon King, and for his cause of action against the defendants, United Parcel Service, Inc., Shane Sipiorski, Lance King, Michael Trewet, and Austin Courtney, respectfully states:

### INTRODUCTION

1. At all times pertinent hereto, the Plaintiff, Brandon King, (hereinafter referred to as "King" or "Plaintiff"), was an individual and resident of Polk County, Iowa, and working for the Defendants in Polk County, Iowa.

2. At all times pertinent herein, the Defendant, United Parcel Service, Inc., herein after referred to as "UPS") is and was at all times material hereto a Delaware Corporation doing business in the State of Iowa.

3. At all times pertinent herein, the Defendant, United Parcel Service, Inc., is and was at all times material hereto and licensed to do business in the State of Iowa.

4. At all times material hereto and upon Plaintiff's belief, Defendant Shane Sipiorski (hereinafter referred to as "Sipiorski") was at all times material hereto, an employee of United Parcel Service, Inc., and a resident of Polk County, Iowa.

1

5. At all times material hereto and upon Plaintiff's belief, Defendant Lance King (hereinafter referred to as "Defendant King") was at all times material hereto, an employee of United Parcel Service, Inc., and a resident of Iowa.

6. At all times material hereto and upon Plaintiff's belief, Defendant Michael Trewet (hereinafter referred to as "Trewet") was at all times material hereto, an employee of United Parcel Service, Inc., and a resident of Polk County Iowa.

7. At all times material hereto and upon Plaintiff's belief, Defendant Austin Courtney (hereinafter referred to as "Courtney") was at all times material hereto, an employee of United Parcel Service, Inc., and a resident of Iowa.

8. At all times material herein, Defendants United Parcel Service, Inc., operated a business located at 2609 Dixon St, Des Moines, Iowa 50316.

9. At all times material herein, Defendants United Parcel Service, Inc., has a home office located 55 Glenlake Parkway Drive, Atlanta, Georgia 30328.

10. Jurisdiction is appropriate because all discriminatory and/or adverse actions, and all acts that form the nexus at issue outlined herein took place in Polk County, Iowa.

11. Plaintiff timely filed a complaint with the Iowa Civil Rights Commission and received a right-to-sue letter on August 18, 2022.

12. Relief in this case is sought against the Defendants in their individual, personal, and official capacity, as respondent superior

## FACTUAL BACKGROUND

13. Plaintiff repleads and incorporates Paragraphs 1–12 and Paragraphs 80–134 as if pled herein.

14. Plaintiff Brandon King is a black African American and thereby is part of a protected class.

15. United Parcel Service, Inc., is a delivery service company, which oversees multiple offices and warehouses nationally.

16. United Parcel Service, Inc. purports the company is "a supportive, energetic culture that embraces every aspect of who you are—and gives you the tools, experiences and training to excel. A culture that fosters equity, transparency, courage, creativity and a sense of belonging."

17. Plaintiff began his employment with United Parcel Service, Inc., on or about June 2018, as a Package Handler/ Package Car Driver, working at the 2609 Dixon St, Des Moines, Iowa location.

18. Plaintiff's job duties included warehouse handling of packages, loading unloading, and driving and delivery of packages.

19. Defendant Shane Sipiorski is the Division Manager at the Dixon location.

20. Defendant Lance King, was Plaintiff's immediate supervisor.

21. Defendant Michael Trewet was one of the Supervisors.

22. Defendant Austin Courtney was one of the Supervisors.

23. Plaintiff was originally hired as a Monday through Friday delivery driver but was forced to work Tuesday through Saturday due to a shortage of drivers.

24. Once more drivers were hired, Plaintiff King is to work as a Monday through Friday delivery driver.

25. Plaintiff Brandon King is not a Saturday Driver.

26. Plaintiff is a single father to three children, with custody time scheduled for Saturday's.

27. Plaintiff would find someone to cover the Saturday shifts, Defendants would say no, and force Plaintiff to work Saturdays.

28. Because Plaintiff is forced to work Saturdays, he misses out on time with his children.

29. Plaintiff's stops were taken from him during his Monday through Friday scheduled days, and given to other white and/or younger, less senior drivers.

30. Defendants UPS and Trewet would take stops from Plaintiff, giving them to white and/or younger, less senior drivers, so Plaintiff would not hit maximum DOT hours during Monday through Friday.

31. Defendants did this to force Plaintiff to have available hours to work on Saturday's.

32. Plaintiff has been disciplined for calling in on Saturday, regardless of having already worked his Monday through Friday shifts, while white employees have not.

33. For more than a year, Plaintiff King has been forced to work Saturdays.

34. For more than a year Plaintiff King has been disciplined for the scheduling regarding Saturdays.

35. Defendants have two 8-hour requests to give to senior drivers.

36. Defendant Austin Courtney made a habit of calling Plaintiff and mocking him for having his 8-hour requests denied.

37. The 8-hour requests are given based on seniority, and Plaintiff's were often denied.

38. Defendant Austin Courtney was the only supervisor to engage in this specific activity against the Plaintiff.

39. On or about December 15, 2021, for safety reasons routes were cancelled and drivers were told to come in and file their packages as "emergency conditions". Plaintiff King filed his packages as "missed".

40. The Defendants' failed to train Plaintiff on the proper method for filing these "emergency conditions" packages.

41. Plaintiff was disciplined within that week for failure to work as directed.

42. A white employee who did not return and file his packages but continued to stay out and deliver in the "emergency conditions", was not disciplined for failure to work as directed and putting himself and the company in danger.

43. Plaintiff was treated differently than this white employee and suffered an adverse employment action because of his race and skin color.

44. Defendants' write up for Plaintiff was a retaliatory action, ignoring the actions of another employee who was white.

45. On or about December 24, 2021, Plaintiff was trying to get 8 hours of work.

46. Defendants told Plaintiff he was to go out and meet a white driver to take all of his stops, in an area he was unfamiliar with.

47. On or about December 24, 2021, Plaintiff was informed either do it or come back in and get pay actual.

48. Plaintiff King went out and met the white driver, and both agreed to split the route due to safety concerns of the routes, dogs, dangers and hazards.

49. Plaintiff King and the other white driver made the agreed upon deliveries and King made the 8 hours.

50. Within the week, Plaintiff has been disciplined and suspended for one day for not "working as directed" by Defendant Sipiorski.

51. The other white driver was neither disciplined nor suspended for this incident.

52. Plaintiff was treated differently than this white employee and suffered an adverse employment action because of his race and skin color.

53. Plaintiff Brandon King is consistently harassed by being terminated, written up, or overly supervised, such as one time he was terminated without cause and based on his race and/or age and/or in retaliation of his complaints.

54. At one point, Plaintiff Brandon King was terminated for package signature issues and was sent home for two weeks before he was reinstated.

55. The issue was he left a package at the wrong house, he picked it up and took it to the correct customer and had them sign for it, and then was terminated for dishonesty.

56. When he returned to work from being reinstated, the same activity, activity that white and younger employees were already doing prior to termination, was stated as standard operating procedure.

57. On December 11, 2021, Plaintiff was terminated again, just for merely calling into work due to a Covid-19 family emergency, without a verbal or written warning being given. This was later rescinded.

58. On December 28, 2021, he was suspended for one day for the occurrence on December 24, 2021.

59. On January 25, 2022, he was terminated again, for "refusing to work as instructed on January 24, 2022."

60. On March 7, 2022, he was terminated again for failing to take a break on March 1, 2022, which constituted "refusing to work as instructed on March 1, 2022".

61. Other workers received warning letters.

62. During March of 2022, he was reinstated and then his supervisors started riding with him on the trucks.

63. On April 14, 2022, he was given a written warning for not taking a lunch break.

64. Plaintiff King's adverse employment actions are solely or predominantly due to his race and/or age and/or retaliation for him filing complaints about equality for himself based on his race and/or age, and/or making complaints.

65. A pattern has been established that after Plaintiff Brandon complains about the discrimination and lack of equality, he eventually receives a discharge letter.

66. Plaintiff is of African American descent.

67. Plaintiff is 38 years old, older than most delivery drivers in his delivery office.

68. Plaintiff is a member of a protected class because of his race, age, and in retaliation of his complaints.

69. Plaintiff suffered adverse employment actions because of his race, age, and in retaliation of his complaints.

70. Plaintiff suffered other adverse employment actions because of his race, age, and in retaliation of his complaints as the evidence will show.

71. White and/or younger employees have been treated differently and without adverse employment actions for similar conduct as Plaintiff such that an inference of discrimination can be made.

72. Age, race, and/or retaliation are motivating and determinative factors for this conduct by the Defendants.

73. Defendants have no legitimate business reason for these actions.

74. During his employment with UPS, Plaintiff has been harassed by defendants.

75. This harassment was as a result of his race and/or age and/or as retaliation for lawful complaints made under law, or in other ways as the evidence will show.

76. This harassment was objectively and subjectively offensive

77. This harassment affected a term and/or condition of his employment, such that he had to contend with it to continue working.

78. Plaintiff's mental health has been affected as a result of the discrimination, retaliation, harassment, and hostile work environment the Defendants have created.

79. He was ultimately reinstated; however, he still suffered termination and harassment and still continues to suffer harassment and retaliation at his employment with UPS.

## COUNT I – HOSTILE WORK ENVIRONMENT/HARRASMENT
## RACE, AGE, and RETALIAITON (IOWA CODE 216, Common Law)

80. Plaintiff repleads and incorporates Paragraphs 1–79 and 99–134 as if pled herein.

81. The Defendants, United Parcel Service, Inc. Shane Sipiorski, Lance King, Michael Trewet, and Austin Courtney, in this case created hostile work environment for Plaintiff King, based on his race and age.

82. Plaintiff is of African American descent.

83. Plaintiff is a member of a protected class because of his race.

84. Plaintiff is 38 years old, which is older than most of the delivery drivers at his building of employment.

85. Plaintiff is a member of a protected class because of his age.

86. The hostile work environment consisted of all facts and allegations made in this petition.

87. The hostile work environment consisted of other such facts as the evidence will show.

88. Defendants harassed Plaintiff by treating him different because of his race and/or age and/or in retaliation to his complaints.

89. The Defendants United Parcel Service, Inc. Shane Sipiorski, Lance King, Michael Trewet, and Austin Courtney, in this case created a hostile work environment for King based on his race.

90. The Defendants United Parcel Service, Inc. Shane Sipiorski, Lance King, Michael Trewet, and Austin Courtney, in this case created a hostile work environment for King based on his age.

91. The Defendants United Parcel Service, Inc. Shane Sipiorski, Lance King, Michael Trewet, and Austin Courtney, in this case created a hostile work environment for King based on other factors as the evidence will show.

92. The harassment and hostile work environment affected Plaintiff's employment by affecting a term or condition of employment.

93. Defendants United Parcel Service, Inc. Shane Sipiorski, Lance King, Michael Trewet, and Austin Courtney's actions violated Iowa Code Chapter 216.

94. Defendants United Parcel Service, Inc. Shane Sipiorski, Lance King, Michael Trewet, and Austin Courtney's actions violated Iowa Code Chapter 216 in other ways as the evidence will show.

95. Defendants United Parcel Service, Inc. Shane Sipiorski, Lance King, Michael Trewet, and Austin Courtney's actions violated law in other ways as the evidence will show.

96. Plaintiff suffered damages as a result of the aforementioned hostile work environment and harassment.

97. Defendants' actions were the proximate cause of Plaintiff's damages.

98. Plaintiff has suffered the damages of loss of past and future wages, benefits and other expenses, damages to reputation, pain and suffering, and has incurred attorney fees and expenses and such other proximate damages as are shown by the evidence.

**WHEREFORE**, the Plaintiff, Brandon King, respectfully prays for judgment against Defendants in a sum deemed reasonable and proper for compensatory damages, and a sum deemed reasonable and proper for punitive or exemplary damages, a reasonable amount for attorneys' fees, for cost and interest and such other or further relief as just and proper.

## COUNT II – RACE/AGE DISCRIMINATION (IOWA CODE CHAPTER 216)

99. Plaintiff repleads and incorporates Paragraphs 1–98 and 117–134 as if pled herein.

100. The Plaintiff is of African American descent.

101. Plaintiff is a member of a protected class because of his race.

102. Plaintiff is 38 years old, which is older than most of the delivery drivers at his building of employment.

103. Plaintiff is a member of a protected class because of his age.

104. Plaintiff was/is otherwise qualified for the job(s).

105. The defendants in this case treated Plaintiff differently in the terms and conditions of his employment based on his race and age.

106. The treatment was different as alleged in the facts and allegations in this Petition.

107. The Plaintiff suffered adverse employment actions due to his race and/or age, including multiple warning, suspensions, and terminations, and over supervision.

108. Plaintiff's race and/or age were motivating factors for the adverse employment actions.

109. The adverse employment actions were motivated by illegal motive in other ways as the evidence will show.

110. Defendants had no legitimate business reason for the adverse employment actions against Plaintiff Brandon King.

111. Defendants have a history of mistreating black employees.

112. Defendants have treated white employees and/or younger employees better than Plaintiff despite being otherwise similarly situated.

113. The Defendants actions violated Iowa Code Chapter 216.

114. Defendants' actions violated Iowa Code Chapter 216 in such other ways as the evidence may demonstrate.

115. Defendants' actions were the proximate cause of the Plaintiff's damages.

116. Plaintiff has suffered the damages of loss of past and future wages, benefits and other expenses, damages to reputation, pain and suffering, and has incurred attorney fees and expenses and such other proximate damages as are shown by the evidence.

**WHEREFORE**, the Plaintiff, Brandon King, respectfully prays for judgment against Defendants in a sum deemed reasonable and proper for compensatory damages, a reasonable amount of attorney's fees, costs and interest and such other or further relief as just and proper.

**COUNT III – RETALIATION (IOWA CODE CHAPTER 216 and Common Law)**

117. Plaintiff repleads and incorporates Paragraphs 1–116 as if pled here, including all facts as alleged.

118. The Defendants in this case treated Plaintiff differently in the terms and conditions of his employment based on his race and/or age.

119. Plaintiff would suffer adverse employment actions because of his race and/or age.

120. Plaintiff then complained about this discrimination and harassment and other issues about Defendants.

121. Plaintiff then suffered adverse employment actions because of his race and/or age and/or in retaliation for his complaints

122. Defendants retaliated against Plaintiff for making these complaints by suspension and by terminating his employment, on multiple occasions.

123. Defendants retaliated against Plaintiff in other ways as the evidence will show.

124. Plaintiff was retaliated against, in part or in whole, because he was African American.

125. Plaintiff was retaliated against, in part or in whole, because he was older.

126. Plaintiff was retaliated against, in part or in whole, because of his complaints.

127. Plaintiff was retaliated against and terminated for making a hostile work environment complaint to his supervisors and about his supervisor.

128. This retaliation was causally connected to Plaintiff's complaints.

129. The motivating and determinative factors for the retaliation were Plaintiff's complaints about discrimination, the adverse employment actions, and the harassment, and the complaints

130. The Defendants' actions violated Iowa Code Chapter 216.

131. Defendants' actions violated Iowa Code Chapter 216 in such other ways as the evidence may demonstrate.

132. The Defendants' retaliatory actions violated other law in other ways as the evidence may demonstrate

133. Defendants' actions were the proximate cause of Plaintiff's damages.

134.    Plaintiff has suffered the damages of loss of past and future wages, benefits and other expenses, damages to reputation, pain and suffering, and has incurred attorney fees and expenses and such other proximate damages as are shown by the evidence.

**WHEREFORE**, the Plaintiff, Brandon King, respectfully prays for judgment against Defendants in a sum deemed reasonable and proper for compensatory damages, and a sum deemed reasonable and proper for punitive or exemplary damages, a reasonable amount for attorneys' fees, for cost and interest and such other or further relief as just and proper.

Respectfully Submitted,

By: */s/ John Q. Stoltze*
John Q. Stoltze (AT0013285)
STOLTZE LAW GROUP, PLC
300 Walnut St., Suite 260
Des Moines, Iowa 50309
Telephone: 515-989-8529
Facsimile: 515-244-3930
E-mail: john.stoltze@stoltze.law
 ATTORNEY FOR COMPLAINANT

**ORIGINAL FILED VIA EDMS.**

## JURY DEMAND

COMES NOW the Plaintiff, Brandon King, and hereby demands a trial by jury of all issues properly triable to a jury.

                            RESPECTFULLY SUBMITTED,

By:    */s/ John Q. Stoltze*
       John Q. Stoltze (AT0013285)
       STOLTZE LAW GROUP, PLC
       300 Walnut, Ste. 260
       Des Moines, Iowa 500309
       Telephone: (515) 989-8529
       Facsimile: (515) 244-3930
       E-mail: john.stoltze@stoltze.law
       ATTORNEY FOR PLAINTIFF

**ORIGINAL FILED VIA EDMS.**